# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO: 5:19-cr-17-Oc-27PRL

**GARY EUGENE HAYES**

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion for Clarification of Sentence and For a Corrective Downward Departure (Dkt. 307), and the United States' Response (Dkt. 308). Upon consideration, Defendant's Motion (Dkt. 307) is **DENIED**.

On October 21, 2019, Hayes plead guilty to Count One of the Superseding Indictment, conspiracy to possess at least five kilograms of cocaine with intent to distribute. (Dkts. 168, 175). On February 4, 2020, Hayes was sentenced to 180 months imprisonment, followed by five years of supervised release. (Dkt. 290). The Judgment provides:

> The terms of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment imposed pursuant to the judgment in Marion County Circuit Court, Docket Number 2018CF111. Pursuant to USSG §5G1.3(b), the Court has adjusted the defendant's term of imprisonment to account for the 25 months the defendant has already served in Marion County Circuit Court, Docket Number 2018CF111, which is relevant conduct to the instant offense, and will not be credited by the Bureau of Prisons.

(Dkt. 300 at 2).

Hayes now asks for a "clarification of his sentence and for an express downward departure under USSG § 5G1.3(d) to alleviate the inconsistency that exists between the judgment (Dkt. 300) and the statement of reasons (Dkt. 301) and to ensure that all applicable sentencing guidelines and policy statements have been applied . . . ." (Dkt. 307 at 1). In its Response, the United States contends "there does not appear to be any discrepancy between the sentence orally pronounced at the hearing and the sentence reflected in the judgment." (Dkt. 308 at 1). Moreover, the United

1

States contends that Hayes' request for a downward departure "is simply an attempt to re-litigate the sentencing hearing," and falls outside the scope of a Rule 35(a) motion to correct sentence.[1] (Id. at 2-3). For the reasons discussed below, Hayes' contentions are without merit.

Under USSG § 5G1.3(b), if it is determined that a defendant is serving a term of imprisonment resulting

> from another offense that is relevant conduct to the instant offense of conviction
> . . .
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

*Id.* As reflected in the Judgment, Hayes' sentence was adjusted pursuant to § 5G1.3(b) to account for the 25 months imprisonment he has served on his state court conviction for relevant conduct. Indeed, this result is specifically what Hayes requested in his Objections to the PSR. *See* (Dkt. 269 at 42 ("The two-year term of imprisonment plainly resulted from conduct that was 'relevant conduct' to the instant offense of conviction . . . . Therefore, the sentence for the instant offense shall be imposed [pursuant to USSG § 5G1.3(b)(1) and (2)]"). And the Statement of Reasons clearly reflects this downward variance. *See* (Dkt. 301 at 4). Last, the record is devoid of any request by Hayes that a downward departure under USSG § 5G1.3(d) be considered. Accordingly, to the extent he requests to be re-sentenced under that provision, that request is denied.

---

[1] *See United States v. Slaughter*, 791 F. App'x 169, 170 (11th Cir. 2020) ("Federal Rule of Criminal Procedure 35(a) provides that the district court may correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days after sentencing.").

Accordingly, Defendant's Motion for Clarification of Sentence and For a Corrective Downward Departure (Dkt. 307) is **DENIED**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** this 20th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record